IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF OHIO
EASTERN DISTRICT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:19CR466 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| SARAH L. STIPKOVICH | ) | UNITED STATES' SENTENCING MEMORANDUM |
| | ) | |
| Defendant. | ) | |

Now comes the United States, by and through its attorneys, Justin E. Herdman, United States Attorney, and Brian McDonough, Assistant United States Attorney, and hereby submits this memorandum to aid the Court in its sentencing of Defendant Sarah L. Stipkovich. The United States requests the Court sentence Stipkovich to within the guidelines (0 to 6 months) for her conviction of one count of Theft of Government Property.

I.     BACKGROUND

The facts of Stipkovich's offense are set forth in detail in the Presentence Investigation Report ("PSR"). *See* PSR ¶¶ 5-9, Doc. No. 11. The Government filed a one-count Information as to Stipkovich charging her with Theft of Government Property, in violation of 18 U.S.C. §641, on August 2, 2019. *Id.* ¶ 1.

The Department of Veteran Affairs Office of Inspector General Criminal Investigations Division ("OIG-CID") completed an assessment regarding employees defrauding the Department of Veteran Affairs on September 18, 2018. *Id.* ¶ 5. The VA Office of Inspector General was made aware of the alleged fraud on September 17, 2017. *Id.* ¶ 6. Following an internal review, Stipkovich was identified as an employee claiming overtime hours that did not match the hours she actually worked. *Id.* Between June 10, 2016, and February 26, 2018,

Stipkovich claimed approximately 1,570.75 hours of overtime, but only worked 108 hours. *Id.* ¶ 7. In a continuous course of conduct, Stipkovich would log into the VA network on her personal laptop and then proceed to complete tasks not related to her employment, such as personal household chores. *Id.* ¶ 8. She would then email her supervisor that her overtime was completed and include a falsified record of the amount of claims she processed during her overtime. *Id.* Stipkovich collected approximately $34,746.00 in overtime from the VA. *Id.* ¶ 7.

The OIG-CID confronted Stipkovich on April 11, 2018, regarding her fraudulent overtime claims. *Id.* ¶9. On September 9, 2019, Stipkovich plead guilty to the single-count Information pursuant to a written plea agreement. *Id.* ¶ 2.

## II.     APPLICABLE LEGAL STANDARDS

The district court's task is to impose a sentence that is sufficient, but "not greater than necessary" to comply with the factors set forth in 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a). In determining an appropriate sentence for a defendant, the Court must consider both the applicable guidelines and all of the §3553(a) factors. *Gall v. United States*, 522 U.S. 38, 49 (2007). The sentencing guidelines are advisory, and should be the starting point, and initial benchmark. *Id; see United States v. Thompson*, 515 F.3d 556, 560-61 (6th Cir. 2008). The guidelines are not presumed reasonable on their own and the court must then consider the factors enumerated in §3553(a)(2). *Gall v. United States*, 522 U.S. at 50.

## III.    SENTENCING GUIDELINES COMPUTATION

The Presentence Investigative Report assigns a base level offense level of 6. *See* PSR ¶ 14, Doc. No. 11. A 4-level increase applied for "a loss exceeding more than $15,000 but not more than $40,000. *Id.* ¶ 15. A 2-level reduction applied because Stipkovich has clearly demonstrated acceptance of responsibility for the offense. *Id.* ¶ 21. The PSR assigned

Stipkovich a Criminal History Category I. *Id.* ¶ 27. Based on her total offense level, the applicable Guideline imprisonment range for her crimes is 0 to 6 months. *Id.* ¶ 48.

### IV. APPLICATION OF SECTION 3553(a) FACTORS

Under 18 U.S.C. §3553(a), "the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of imposing the sentence. 18 U.S.C. §3553(a). To ensure an appropriate sentence is imposed, the statute enumerates four factors for the court to consider when imposing a sentence. The sentence must (A) "reflect the seriousness of the offense . . . promote respect for the law, and . . . provide just punishment for the offense;" (B) adequately deters criminal conduct; (C) "protect the public from further crimes of the defendant;" and (D) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

Stipkovich falsely claimed 1,570.75 hours of overtime over 20 months. From June 10, 2016, to February 26, 2019, Stipkovich collected $34,746.

### V. RESTITUTION

As part of her plea agreement, Stipkovich has agreed to pay full restitution, in the amount of $34,746, to the VA. *See* PSR ¶ 10, Doc. No. 11. Pursuant to 18 U.S.C. §3663A, restitution is due and owing to the U.S. Department of Veterans Affairs Debt. Management Center P.O. Box11930, St. Pail, Minnesota 55111. *Id.* ¶ 61.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By: s/Brian McDonough
Brian McDonough (OH:0072954)
Assistant United States Attorney

United States Court House
801 West Superior Avenue,
Suite 400
Cleveland, OH 44113
(216) 622-3965
(216) 522-2403 (facsimile)
Brian.McDonough@usdoj.gov